# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor,                    ) | Civil Case No. 2:23-cv-01452-JD-MGB |
|                                )  | |
|         **Plaintiff,**         ) | |
|    v.                          ) | |
|                                ) | |
|                                ) | **ORDER** |
| First Choice Media, LLC; Joe McLendon,) | |
|                                ) | |
|         **Defendants.**        ) | |
|                                ) | |

This action has been filed by Plaintiff, *pro se,* alleging claims under the Telephone Consumer Protection Act. On April 19, 2023, summonses were issued for Defendants First Choice Media, LLC and Joe McLendon.[1] The record contains affidavits from a process server, averring that: (1) Defendant Joe McLendon was served personally on September 13, 2023 (Dkt. No. 19-1 at 2); and (2) Defendant First Choice Media LLC was served through personal service of its registered agent, Joe McLendon, on September 24, 2023 (Dkt. No. 22.) Based on these dates of service, Defendants' answers are now past due. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The record does not include any indication that the parties have agreed to an extension of Defendants' response deadline.

Based on the foregoing, it appears an entry of default may be appropriate. Federal Rule of Civil Procedure 55(a) provides that entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). "[A] party seeking the entry of default must provide proof that the party against whom an entry of default is sought was properly served."

---

[1] Although summonses were also issued for other defendants, those defendants have been voluntarily dismissed by Plaintiff. (Dkt. No. 11.)

1

*Holmes v. Carroll*, No. 0:17-cv-1257-HMH-PJG, 2018 WL 1175035, at *1 (D.S.C. Feb. 5, 2018), *adopted by*, 2018 WL 1091184 (D.S.C. Feb. 28, 2018), *and adopted by*, 2018 WL 1157189 (D.S.C. Mar. 5, 2018) (citing *Smith v. Blithfield Dev., Inc.*, 2013 WL 12212546, at *1 (N.D. Ga. Feb. 8, 2013); *Carrington v. Easly*, No. 5:08-CT-3175-FL, 2010 WL 2772405, at *1 (E.D.N.C. July 12, 2010)); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (4th ed. 2018) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").

      Plaintiff is responsible for moving for entry of default. In light of the foregoing, Plaintiff is directed to advise the Court of his intention with regard to any claims against Defendants Joe McLendon and First Choice Media LLC, by November 6, 2023. If Plaintiff wishes to pursue an entry of default against Defendant First Choice Media LLC, he should provide evidence that Joe McLendon is an agent authorized by appointment or by law to receive service of process on behalf of Defendant First Choice Media LLC. Or, if Plaintiff has allowed Defendants an extension of time to answer the pleadings, Plaintiff must file a status report acknowledging that extension. *See* Local Civil Rule 12.01, D.S.C.

October 25, 2023
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE