IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor,                ) | Civil Case No. 2:23-cv-01452-JD-MGB |
|                            ) | |
|         **Plaintiff,**    ) | |
| v.                         ) | |
|                            ) | |
|                            ) | **ORDER** |
| First Choice Media, LLC; Joe McLendon,) | |
|                            ) | |
|         **Defendants.**   ) | |
|                            ) | |

Plaintiff, proceeding *pro se*, filed this action on April 10, 2023, alleging claims under the Telephone Consumer Protection Act. According to Plaintiff, he received unsolicited calls from representatives falsely claiming to be with the "National Do Not Call Registry" (the "Registry"). (Dkt. No. 1 at 5.) These representatives allegedly told Plaintiff that as a condition of being placed on the Registry, "he must participate in a recorded call consenting to receive shipments of covid 19 testing kits or genetic testing kits. When Plaintiff refused, they threatened he would continue to receive unwanted telemarketing calls." (*Id*.) The original Complaint named First Choice Media, LLC and Joe McLendon as Defendants. (*Id*.)

On November 6, 2023, Plaintiff filed an Amended Complaint adding John Does 1-10 as Defendants. (Dkt. No. 25.) At the same time, Plaintiff moved for issuance of subpoenas to obtain information to help him identify the John Does. (Dkt. No. 27.) More specifically, Plaintiff asked that the Court issue subpoenas to third parties, Healthside, Inc. and Jason Lavoie, claiming that these third parties are "in possession of records that will show identifying information of the parties responsible for the unlawful calls." (*Id*.) The Court granted Plaintiff's motion, and the responses to the subpoenas were due by December 1, 2023. (Dkt. Nos. 27-1; 29.) On November 27, 2023, Plaintiff voluntarily dismissed the two identified defendants, leaving only the John Does as

1

defendants in this action. (Dkt. No. 33.) Thereafter, the Court ordered Plaintiff to file a status update by December 15, 2023, stating whether he is able to identify the John Does in this action in a timely manner. (Dkt. No. 35.)

On December 19, 2023, Plaintiff filed a document titled "Letter Motion for Issuance of Subpoena and Case Status." (Dkt. No. 37.) Plaintiff asks that the Court issue a subpoena to Jason Lavoie, "seek[ing] a deposition with Mr. Lavoie to clarify and supplement his response to the previous court-approved subpoena issued to him for documents." (*Id*. at 1.) Plaintiff states that Mr. Lavoie's responses to Plaintiff's initial subpoena indicated "he was involved with the return address at 1500 Weston Road #200-16, Weston, FL 33326 ("Florida return address"), and described the location as a return 'hub' for packages, which would have included the covid testing kit shipment." (*Id*.) Plaintiff asserts Mr. Lavoie "indicated a different company from Illinois shipped the [covid testing] kits, not the company in [Mr. Lavoie's] return address, and Mr. Lavoie has not provided further information about this company." (*Id*.)

> According to Plaintiff,
>
> Mr. Lavoie has knowledge of, is in possession of, or has access to relevant information regarding the names of the company(s) authorized to use his address . . . as a return shipping hub, and [to] use his address as a return address for shipping labels. Those anonymous companies received information and direction from the telemarketing companies. More importantly, through a short deposition specific to questions surrounding this case, he can provide testimony, information via correspondence and agreements that may reveal the names of John Does responsible for the calls alleged in the Amended Complaint.

(*Id*. at 2.)

Plaintiff has attached to his motion the proposed subpoena for issuance. (Dkt. No. 37-1.) The subpoena instructs Mr. Lavoie to appear for a deposition in Weston, Florida on January 7, 2024. (*Id*.) The subpoena further commands Mr. Lavoie to bring certain documents to the deposition. Specifically, the subpoena seeks, "For the dates July 1, 2022-December 31, 2022," the

names of all aliases and companies that: (1) operate from the Florida return address; (2) use the Florida return address as a "return shipping hub"; and (3) use the Florida return address "as a return label in shipments." (*Id.*) The subpoena further seeks "all correspondence . . . regarding shipment of covid testing kids or telemarketing for covid testing kits" with PreventRX, LLC, Edwin Rodriguez, First Choice Media, LLC, and Joe McLendon. (*Id.*)

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).[1] The Court has reviewed the proposed subpoena and finds that Plaintiff completed the subpoena in accordance with his motion and the Federal Rules of Civil Procedure. Thus, in light of Plaintiff's *pro se* status and in order to prevent delay, the Court GRANTS Plaintiff's motion (Dkt. No. 37) and directs the Clerk of Court to issue the subpoena.

Plaintiff does not proceed *in forma pauperis*. If Plaintiff is unable to pay to serve the requested subpoena, Plaintiff is directed to file a motion to proceed *in forma pauperis*. However, regardless of Plaintiff indigent status, Plaintiff is responsible for the deposition costs. These deposition costs include not only any fees, but the cost of the court reporter's services as well as the cost for copies of the transcripts. *See, e.g.*, *Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006) ("In forma pauperis status does not require the Government to advance funds to pay for deposition expenses."); *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff); *see also Nowlin v. Lusk*, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014) ("The costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the

---

[1] "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (citing *Cook v. Howard*, No. 111-1601, 2012 WL 3634451, at * 6 (4th Cir. Aug. 24, 2012)).

costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted in forma pauperis status.").

Finally, the Court notes that this action has been pending approximately nine months without significant progress, and it appears Plaintiff plans to add more named defendants, depending on the response to the instant subpoena. Going forward, the Court expects Plaintiff to act quickly with respect to any service issues that may arise. Absent extraordinary circumstances, the Court will not grant any further requests for extensions from Plaintiff until all named defendants have filed responsive pleadings in this action.

IT IS SO ORDERED.

December 21, 2023
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

4